[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15517
Non-Argument Calendar
_____

D.C. Docket No. 1:00-cr-00505-CC-GGB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN JOHN KONTOES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 21, 2015)

Before TJOFLAT, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Stephen Kontoes appeals his below-guideline, 18-month sentence, imposed

after he violated the terms of his supervised release.  Kontoes argues that this

sentence was substantively unreasonable in light of his mental health problems, the time he had already served, and the length of time he did comply with the terms of his supervised release.  After careful consideration, we affirm.

I.

We review the substantive reasonableness of a sentence for abuse of discretion.  United States v. Hayes, 762 F.3d 1300, 1307 (11th Cir. 2014).  In conducting that review, we consider the totality of the facts and circumstances.  United States v. Kuhlman, 711 F.3d 1321, 1327 (11th Cir. 2013).  Our own judgment should not be substituted for the district court's, "even though we would have gone the other way had it been our call."  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted).  The party challenging the sentence carries the burden of establishing unreasonableness.  Kuhlman, 711 F.3d at 1326.

A district court may revoke a defendant's supervised release and impose a sentence of imprisonment if it finds that the defendant violated a condition of his release.  18 U.S.C. § 3583(e)(3).  In fashioning a sentence, the court must consult several factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence, to protect the public from further crimes, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment;

2

(3) the Sentencing Guidelines range and pertinent policy statements of the Sentencing Commission; (4) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (5) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7). See 18 U.S.C. § 3583(e) (designating these factors).

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotation omitted). The district court need not explicitly discuss each factor. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). We will vacate a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." Irey, 612 F.3d at 1190 (quotation omitted).

## II.

In 2000, Kontoes pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). Kontoes qualified as a career offender, and the district court sentenced him to 151-months imprisonment and 36-months supervised release. Shortly after beginning this period of supervised release, Kontoes violated its terms by using a controlled substance and failing to attend counseling. His probation officer petitioned to modify the supervised release to include a six-month stay in a halfway house, and the district court granted this motion.

The modified term was not successful either.  Kontoes's probation officer petitioned to revoke release again, this time based on several new violations. The district court took no adverse action, but gave Kontoes the opportunity to correct his conduct.  Once more, Kontoes proved unable to abide by the terms of his release.  On February 25, 2013, he admitted to theft and failure to make restitution payments.  After hearing testimony about Kontoes's mental health issues and other struggles, the district court revoked his release, sentenced him to two-weeks incarceration and six-months supervised release, and ordered him to enter an employment-assistance program.  This lenient sentence was billed by Kontoes's counsel as a way to "allow [the court] to bring him back here and sentence him harshly if he has any other problems on supervised release."

As it turned out, Kontoes did.  Five months into his six-month term of supervised release, Kontoes was charged with three felonies: two counts of theft by taking and a forgery charge.  He pleaded guilty to all charges.  He had also failed to report for his employment-assistance program.  At the resulting revocation hearing, defense counsel requested that the district court sentence Kontoes to six-months imprisonment with no additional supervised release.  Counsel noted that Kontoes suffered from mental health issues and was probably motivated to steal by his poverty, which he was striving to overcome.  Addressing the court himself,

Kontoes elaborated on his struggles with poor mental and physical health, joblessness, and financial insecurity.

The government noted that the guideline range was 21 to 27 months in prison (capped by the 24-month statutory maximum), but requested an 18-month sentence. After considering the guidelines, the § 3553(a) sentencing factors, the parties' arguments, and the facts and circumstances of the case, the district court concluded that a sentence of 18-months imprisonment was "fair, just and reasonable given the nature and seriousness of the violations." The court did not impose any additional term of supervised release. Although the court initially directed that this sentence run concurrently with Kontoes's state-court sentence, it ordered that the sentence run consecutively upon discovering that Kontoes had served his state sentence. Kontoes preserved his objection to the sentence's reasonableness. This appeal followed.

### III.

Kontoes has failed to show that the sentence imposed by the district court was substantively unreasonable. He has identified nothing that leaves us "with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." Irey, 612 F.3d at 1190 (quotation omitted). Rather, he has repeatedly failed to adhere to the terms of his supervised release despite the court's leniency on at least two prior occasions. The last time

5

Kontoes appeared before the court, he was specifically warned that "this is your last chance." None of this caused Kontoes to abide by the terms of his release. The court was entitled to view Kontoes's serial misconduct as requiring "adequate deterrence" in the form of a longer sentence. 18 U.S.C. § 3553(a)(2)(B). The district court's decision also spoke to the need, in sentencing defendants for violations of supervised release, to "sanction primarily the defendant's breach of trust." United States Sentencing Guidelines ch. 7, pt. A, introductory cmt. 3(b).

Kontoes is a many-times repeat offender. He has a lengthy criminal history—including convictions for armed robbery and bank robbery—that qualified him as a career offender. The court validly considered "the history and characteristics of the defendant," as well as the "need . . . to protect the public from further crimes." 18 U.S.C. § 3553(a)(1), (a)(2)(C).

Beyond that, Kontoes's 18-month sentence fell below the 21- to 27-month guideline range. While this does not conclusively prove its reasonableness, "ordinarily we would expect a sentence within the Guidelines range to be reasonable." United States v. Chavez, 584 F.3d 1354, 1365 (11th Cir. 2009) (quotation omitted). We recognize that "there will usually be a range of reasonable sentences from which the district court may choose," id. (quotation omitted), and that district courts possess "institutional superiority . . . with regards to sentencing," Hayes, 762 F.3d at 1307. Thus, defendants carry a heavy burden in

challenging the reasonableness of sentences that fall <u>below</u> the guideline range. Kontoes has not met that burden.

To the extent that Kontoes merely disagrees with the weight accorded to his mental illness or poverty, we leave the weighing of § 3553(a) factors to "the sound discretion of the district court." <u>Amedeo</u>, 487 F.3d at 832 (quotation omitted). The court was entitled to find that Kontoes's serious crimes and repeated failure to comply with the terms of his supervised release justified a less-lenient, but still below-guideline, sentence.

Finally, there is no merit to Kontoes's argument that his sentence should have been adjusted once the court realized that it could not run concurrently to his state sentence. A term of imprisonment imposed upon revocation of supervised release should run "consecutively to any sentence of imprisonment that the defendant is serving." USSG § 7B1.3(f); USSG § 7B1.3 cmt. n.4.

On this record, we conclude that Kontoes has failed to show that his sentence was unreasonable.

**AFFIRMED.**

7